UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-21706-Civ-COOKE/BANDSTRA

MCDONALD'S CORPORATION,

    Plaintiff

vs.

ROGA ENTERPRISES, INC., *et al.*,

    Defendants.

_____/

**ORDER DENYING CREDITOR'S
MOTION FOR REHEARING OR RECONSIDERATION**

THIS MATTER is before me on a Motion for Rehearing or Reconsideration (ECF No. 8), filed by Douglas Orr Plumbing, Inc., who is not a party to this action. I have reviewed the Motion, the arguments, the record, and the relevant legal authorities. For the reasons explained in this Order, the Motion for Rehearing or Reconsideration is denied.

On May 25, 2010, McDonald's Corporation filed a Complaint against Roga Enterprises, Inc., James S. Feigenbaum, and Shirley G. Feingenbaum ("Defendants"), for specific performance based on a lease that granted McDonald's a right of first refusal. (Compl., ECF No. 1). McDonald's alleges that it became the beneficial owner of the property in dispute when it "exercise[d] its right of first refusal to purchase the Subject Property" after Robert Mazliach (the principal of Roga) signed a Letter of Intent to sell the Subject Property and forwarded it to McDonald's. (Compl. ¶ 7-13).

Prior to McDonald's suit against the Defendants, Douglas Orr, a non-party creditor of the principal of Roga, Robert Mazliach, filed suit in State Court against Mr. Mazliach for a fraudulent transfer from Roga and/or Robert Mazliach to the Feigenbaums. (Creditor's Mot.

Rehearing, ECF No. 8).  On May 17, 2010, the State Court entered an order requiring McDonald's to "deposit the rents due on [the Subject] Property into the Registry of this Court" until it "determines if the transfer is valid or void."  (*Id.* ¶ 4).

McDonald's is not a party to the State Court case.  (*See* Creditor's Mot. Rehearing). McDonald's was never served the State Court order requiring it to deposit rent into the State Court Registry.  (Pl.'s Resp. Creditor's Mot. ¶ 9, ECF No. 10).  When McDonald's became aware of the possibility of the order from the State Court, it asked this Court to enter an order directing it to deposit the rent payments into this Court's Registry until the issues raised in McDonald's Complaint were resolved.  (Pl.'s Emergency Mot., ECF No. 4).  McDonald's stated in its Motion that the dispute between McDonald's and the Defendants set out in its Complaint put in controversy which party rent payments should be made to, *if at all*.  (Pl.'s Emergency Mot. 6-7).  On May 26, 2010, I granted the Plaintiff's Motion and ordered the rent payments to be paid to the court registry.  (Order, ECF No. 7).

**A. Non-Party Creditor Douglas Orr Lacks Standing to Challenge this Court's Order.**

On June 4, 2010, Douglas Orr asked me to reconsider that Order.[1]  (Creditor's Mot. Rehearing, ECF No. 8).  As a threshold matter, Douglas Orr, as a non-party, lacks the standing to challenge this Court's Order.  Douglas Orr has not motioned this Court to intervene pursuant to Federal Rule of Civil Procedure 24.  The general rule (with the exception of claims of fraud on the court) "is that one must either be a party or a party's legal representative in order to have

---

[1] A motion for reconsideration is proper for the following reasons:
(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . ; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

standing to bring any Rule 60(b) motion." *Kem Mfg. Corp. v. Wilder*, 817 F.2d 1517, 1520 (11th Cir. 1987).   Therefore, Douglas Orr lacks standing to challenge the Order.

**B. Due to the Nature of the Claims Before this Court and Before the State Court, the Most Equitable Solution Is for McDonald's to Continue to Deposit the Rent into this Court's Registry.**

McDonald's deposit of rent payments into this Court's Registry will sufficiently protect the claimed interests of McDonald's, the Defendants, and any creditors of the Roga Defendants, including Douglas Orr.  Should this Court determine that McDonald's is not the owner of the Subject Property, at that time this Court can release any funds deposited in the Registry into the State Court Registry.

The issue before this Court regarding whether McDonald's is the owner of the Subject Property is the threshold question.  The determination of whether McDonald's is the owner of the Subject Property will determine whether McDonald's owes any rent.  If McDonald's does not own the Subject Property and therefore owes rent to the Defendants, including Roga, then Douglas Orr, the creditor of the principal of Roga, may be entitled to that rent.  Conversely, if McDonald's is successful in its action, then the issue of payment of rent and the State Court's order requiring payment into the State Court Registry will be moot.

I find that by McDonald's depositing its rent payments into this Court's registry all interests will be protected.  Once this Court determines the threshold question of who is the proper owner of the Subject Property, this Court can then determine whether any of the funds at issue are property of the Defendants and in what amounts or percentages.

It is **ORDERED and ADJUDGED** that Creditor's Motion for Rehearing or Reconsideration (ECF No. 8) is **DENIED**.  McDonald's is to continue to deposit the challenged monthly rent payment into this Court's Registry until this Court is able to resolve the issues raised by McDonald's in its Complaint (ECF No.1).

**DONE and ORDERED** in chambers, at Miami, Florida, this 25th day of October 2010.

*[signature: Marcia G. Cooke]*

MARCIA G. COOKE
United States District Judge

Copies furnished to:

*Counsel of record*

*Richard A. Buckley, Esq*
Attorney for Douglas Orr Plumbing
Weston Corporate Center
2500 Weston Road, Suite 213
Weston, FL 33331