UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 10-21706-Civ-COOKE/BANDSTRA

MCDONALD'S CORPORATION,

   Plaintiff

vs.

ROGA ENTERPRISES, INC., *et al.*,

   Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS

THIS CASE is before me on the Defendants' Motions to Dismiss (Def. Feigenbaums' Mot. Dismiss, ECF No. 16; Def. Roga's Mot. Dismiss, ECF No. 38). I have reviewed the arguments, the complaint, and the relevant legal authorities. For the reasons explained below, the motions to dismiss are denied.

### I. BACKGROUND

On October 17, 1980, the Plaintiff, McDonald's Corporation, entered into a lease for the land located at 2200 NW 36th Street, Miami, Florida, 33142 ("2200 Property"), with Roga Enterprises, Inc., Galma Limited Inc., Isadore Lechtman, and Abraham Feigenbaum. (Compl. ¶ 7, ECF No. 1). The lease was amended several times throughout the years. (Compl. ¶ 7). Article 17 of the lease stated that:

> It is further agreed that should Lessor, or Lessor's heirs, executors, successors or assigns, at any time during the term of this Lease or any extension thereof, receive an offer to purchase the demised premises or any part thereof, and Lessor desires to accept said offer; or should Lessor during any such time make an offer to sell the demised premises or any part thereof, Lessor shall give Lessee thirty (30) days notice in writing of such offer setting forth the name and address of the proposed purchaser with executed copies of all relevant documents, the amount of the proposed purchase price, and all other terms and conditions of such offer; and

> Lessee shall have the first option to purchase the premises which are the subject of the offer by giving written notice of Lessor of its intention to purchase within said thirty (30) day period at the same price and on the same terms of any such offer, it being understood that in the event Lessee does not give notice of its intention to exercise said option to purchase within said period, this Lease and all of its terms and conditions shall nevertheless remain in full force and effect and Lessor and any Purchaser or Purchasers of the demised premises, shall be bound thereby.

(Compl. ¶ 10; Compl. Ex. A 9, ECF No. 1-5).

On January 22, 2010, Defendants, Roga, James S. Feigenbaum, and Shirley G. Feigenbaum ("Feigenbaums"), received a Letter of Intent on behalf of Zarko Cvijic for the purchase of the 2200 Property. (Compl. ¶ 9). The Letter of Intent was "accepted and agreed to by Robert Mazliach, the principal of Roga, on behalf of the Lessors on January 27, 2010 and was forwarded to McDonald's pursuant to Article 17 of the Ground Lease." (Compl. ¶ 9). On February 26, 2010, McDonald's advised the Defendants in writing that it was "exercis[ing] its right of first refusal to purchase the Subject Property" for the same price and the same terms set forth in the "Letter Agreement between [the Defendants] and Zarko Cvijic." (Compl. ¶ 11). When the Defendants would not sell the 2200 Property to McDonald's, McDonald's filed suit in this Court on May 25, 2010.

## II. LEGAL STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While detailed factual allegations are not

required, a pleading that offers merely "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss.  *Id.*

When considering a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept all of the plaintiff's allegations as true, construing them in the light most favorable to the plaintiff.  *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

### III. DISCUSSION

McDonald's alleges that the Defendants have breached the express terms of the lease by failing and refusing to sell the 2200 Property to McDonald's, denying McDonald's right of first refusal.  (Compl. ¶ 13, ECF No. 1).  The Feigenbaums argue that this claim must be dismissed because the letter of intent was "non-binding" and was not accepted by the Feigenbaums, and therefore did not "constitute 'acceptance' sufficient to trigger McDonald's right of first refusal under the Ground Lease."  (Def. Feigenbaums' Mot. Dismiss 9, ECF No. 16).  Roga argues that McDonald's cannot elect the remedy of specific performance because Roga transferred its interest in the 2200 Property to the Feigenbaums prior to this lawsuit.  (Def. Roga's Mot. Dismiss 5-6, ECF No. 38).  Roga further argues that Mr. Cvijic's Letter of Intent was non-binding and did not qualify as an "offer to purchase."  (*Id.* at 6).

"A right of first refusal is a right to elect to take specified property at the same price and on the same terms and conditions as those contained in a good faith offer by a third person if the owner manifests a willingness to accept the offer."  *Old Port Cove Holding, Inc. v. Old Port Cove Condo. Ass'n One, Inc.*, 986 So. 2d 1279, 1285 (Fla. 2008).  "The right of first refusal ripens into an option once an owner manifests a willingness to accept a good faith offer."  *Id.*

"When there is an exercise of the option, a mutually binding and enforceable contract to purchase is created." *Power v. Power*, 864 So. 2d 523, 524 (Fla. Dist. Ct. App. 2004).

A letter of intent is non-binding. *See, e.g.*, *Midtown Realty, Inc. v. Hussain*, 712 So. 2d 1249, 1251-52 (Fla. Dist. Ct. App. 1998). There is no requirement, however, that there be a binding contract between the seller and a third party purchaser to activate preemptive rights under a right of first refusal agreement. *Vietor v. Sill*, 243 So. 2d 198, 199 (Fla. Dist. Ct. App. 1971).

McDonald's has alleged that the Defendants manifested a willingness to sell the 2200 Property when: (1) the Defendants received the Letter of Intent from Mr. Cvijic for the purchase of the property; (2) Robert Mazliach, the principal of Roga, signed the Letter of Intent on behalf of the Lessors; and (3) Mr. Mazliach subsequently forwarded to McDonald's the signed Letter of Intent. (Compl. ¶ 9). While the letter of intent may not have been a binding offer, the lease signed by the Defendants and McDonald's did not necessarily require a binding offer, but only a "desire[] to accept [an] offer." (Compl. Ex. A 9, ECF No. 1-5).

When an owner notifies the person with the preemptive rights of the "intention" to sell and the terms and conditions demanded by the owner, the party with the preemptive rights becomes entitled to buy on those terms. *Vietor*, 243 So. 2d at 199. Mr. Mazliach, the principal of Roga, forwarded the signed Letter of Intent to McDonald's, and McDonald's alleges that this action was pursuant to Article 17 of the lease, which states that if the Lessor desires to accept an offer, it shall "give Lessee thirty (30) days notice in writing of such offer setting . . . the amount of the proposed price, and all other terms and conditions of such offer." (Pl.'s Resp. Def. Feigenbaums' Mot. Dismiss 5, ECF No. 24). Based on these facts, McDonald's complaint

4

clearly states, with sufficient particularity, the circumstances that it alleges constitute a willingness to sell the 2200 Property which triggered McDonald's right of first refusal.

I also reject Roga's contention that McDonald's can only obtain specific performance from the Feigenbaums. (*See* Def. Roga's Mot. Dismiss 5-6, ECF No. 38). If McDonald's right of first refusal was triggered when the Defendants received the Letter of Intent and forwarded the signed Letter to McDonald's, then Defendants were required to sell the 2200 Property to McDonald's upon McDonald's exercise of its option. *See Power*, 864 So. 2d at 524. If McDonald's had in fact purchased the land prior to Roga's sale of its interest to the Feigenbaums, then it was not Roga's property to sell.

### IV. CONCLUSION

For the reasons explained in this Order, the Defendants' Motions to Dismiss (ECF Nos. 16 & 38) are **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 28th day of October 2010.

*/s/ Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Counsel of record*